1  McGREGOR W. SCOTT
United States Attorney
2  CAMERON L. DESMOND
DAVID W. SPENCER
3  Assistant United States Attorney
501 I Street, Suite 10-100
4  Sacramento, CA 95814
Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6

7  Attorneys for Plaintiff
United States of America

8

9             IN THE UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,           CASE NO. 2:19-CR-232-JAM

                    Plaintiff,          STIPULATION REGARDING EXCLUDABLE
13                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
                    v.                   FINDINGS AND ORDER
14
FRANK JONATHAN GUZMAN, and           DATE: June 16, 2020
15  JOSE CRUZ IVAN AISPURO,              TIME: 9:15 a.m.
                                         COURT: Hon. John A. Mendez
16                    Defendants.

17

18          On March 24, 2020, the Court continued the status conference scheduled for April 14, 2020, to

19  June 16, 2020, in compliance with General Orders 611 and 612. *See* ECF No. 27.   This Court issued

20  General Order 611 on March 17, 2020, suspending all jury trials in the Eastern District of California

21  scheduled to commence before May 1, 2020.  This Court issued General Order 612 on March 18, 2020,

22  inviting District Judges to continue all criminal matters to a date after May 1, 2020, excluding time

23  under the Speedy Trial Act with reference to General Order 611, with additional findings to support the

24  exclusion in the Judge's discretion.  General Orders 611 and 612 were entered to address public health

25  concerns related to COVID-19.

26          Although General Order 611 addresses the district-wide health concern, the Supreme Court has

27  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

28  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 14, 2020.

2. In a minute order issued March 24, 2020, the Court continued the April 14, 2020, status conference to June 16, 2020 at 9:15 a.m., "keeping in compliance with General Orders 611 and 612." ECF No. 27.

3. By this stipulation, the parties move to exclude time between April 14, 2020, and June 16, 2020, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

 a) The government has represented that the discovery associated with this case includes approximately 891 pages of investigative reports, photographs, and other documents, as well as multiple video and audio recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

 b) The Indictment in this case was returned on December 19, 2020.  ECF No. 16.

 c) Counsel for Defendant Guzman, Kelly Babineau, substituted into this case as counsel of record on February 4, 2020.  *See* ECF Nos. 20-22.

 d) Counsel for defendants desire additional time to review the current charges and discovery, to conduct necessary investigation, and to consult with their clients.

 e) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

 f) The government does not object to the continuance.

 g) Based on the recent death of Assistant United States Attorney Timothy Delgado, this case was reassigned within the U.S. Attorney's Office.  Additional time is needed for effective preparation and to allow the new prosecutors to develop an understanding of the case. *United States v. Di Tommaso*, 817 F.2d 201, 210 (2nd Cir. 1987) ("the Government was entitled to a seven week suspension of the running of the speedy trial clock due to the ill health of the chief prosecutor.  We find no abuse of discretion in the trial judge's tolling of the clock to enable new assistant prosecutors to prepare for trial.").

h)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

i)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 14, 2020 to June 16, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Further, failure to grant such a continuance would unreasonably deny the defendant or the government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 13, 2020                          McGREGOR W. SCOTT
                                                United States Attorney


                                                /s/ DAVID W. SPENCER
                                                DAVID W. SPENCER
                                                Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT

Dated:  April 13, 2020

/s/ Kelly Babineau
Kelly Babineau
Counsel for Defendant
FRANK JONATHAN
GUZMAN

Dated:  April 13, 2020

/s/ David W. Dratman
David W. Dratman
Counsel for Defendant
JOSE CRUZ IVAN AISPURO

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 13th day of April, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE