McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>FRANK JONATHAN GUZMAN, and<br>JOSE CRUZ IVAN AISPURO,<br><br>                              Defendants. | CASE NO.  2:19-CR-232-JAM<br><br>STIPULATION REGARDING EXCLUDABLE<br>TIME PERIODS UNDER SPEEDY TRIAL ACT;<br>FINDINGS AND ORDER<br><br>DATE: November 3, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

On October 15, 2020, the Court continued the status conference scheduled for October 20, 2020, to November 3, 2020.  *See* ECF No. 35.  By this stipulation, the parties request to continue the status conference to January 12, 2021, and to exclude time between October 20, 2020 and January 12, 2021 under Local Code T4.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  as well as the declarations of judicial emergency, were entered to address public health concerns related

2  to COVID-19.

3        Although the General Orders and declarations of emergency address the district-wide health

4  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).   "[W]ithout on-the-

7  record findings, there can be no exclusion under" § 3161(h)(7)(A).   *Id.* at 507.   Moreover, any such

8  failure cannot be harmless.   *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

10  findings on the record "either orally or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13  emergency require specific supplementation.   Ends-of-justice continuances are excludable only if "the

14  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

16  § 3161(h)(7)(A).   Moreover, no such period is excludable unless "the court sets forth, in the record of

17  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18  such continuance outweigh the best interests of the public and the defendant in a speedy trial."   *Id.*

19        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20  18 U.S.C. § 3161(h)(7) (Local Code T4).   Although the Speedy Trial Act does not directly address

21  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

22  discretion to order a continuance in such circumstances.   For example, the Ninth Circuit affirmed a two-

23  week ends-of-justice continuance following Mt. St. Helens' eruption.   *Furlow v. United States,* 644 F.2d

24  764 (9th Cir. 1981).   The court recognized that the eruption made it impossible for the trial to proceed.

25  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow*

26  to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

27  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

28  by the statutory rules.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on October 20, 2020.

2.      In a minute order issued October 15, 2020, the Court continued the October 20, 2020, status conference to November 3, 2020, due to the Court's unavailability.  ECF No. 35.

3.      By this stipulation, the parties request to continue the status conference to January 12, 2021, and to exclude time between October 20, 2020, and January 12, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

4.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has represented that the discovery associated with this case includes approximately 928 pages of investigative reports, photographs, and other documents, as well as multiple video and audio recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

        b)      The Indictment in this case was returned on December 19, 2020.  ECF No. 16.

        c)      Counsel for Defendant Guzman, Kelly Babineau, substituted into this case as counsel of record on February 4, 2020.  *See* ECF Nos. 20-22.

        d)      On August 7, 2020, the government produced approximately 36 pages of additional discovery, consisting of investigative reports, to counsel for defendants.

        e)      Counsel for defendants need additional time to review the discovery, to conduct necessary investigation, and to consult with their clients.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

f)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g)      The government does not object to the continuance.

h)      In addition, because of the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

i)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 20, 2020 to January 12, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  October 22, 2020                         McGREGOR W. SCOTT
                                                 United States Attorney


                                                  /s/ DAVID W. SPENCER
                                                 DAVID W. SPENCER
                                                 Assistant United States Attorney

Dated:  October 22, 2020                    /s/ Kelly Babineau
                                            Kelly Babineau
                                            Counsel for Defendant
                                            FRANK JONATHAN
                                            GUZMAN

Dated:  October 22, 2020                    /s/ David W. Dratman
                                            David W. Dratman
                                            Counsel for Defendant
                                            JOSE CRUZ IVAN AISPURO


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 22nd day of October, 2020.


                                    /s/ John A. Mendez
                                    THE HONORABLE JOHN A. MENDEZ
                                    UNITED STATES DISTRICT COURT JUDGE