McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-232-JAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| FRANK JONATHAN GUZMAN, and JOSE CRUZ IVAN AISPURO, | DATE: January 12, 2021 TIME: 9:30 a.m. COURT: Hon. John A. Mendez |
| Defendants. | |

This matter is scheduled for a status conference on January 12, 2021. By this stipulation, the parties request to continue the status conference to April 6, 2021, and to exclude time between January 12, 2021 and April 6, 2021 under Local Code T4.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders,

/ / /

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

1    In light of the societal context created by the foregoing, this Court should consider the following

2    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3    justice exception, § 3161(h)(7) (Local Code T4).[2]

## STIPULATION

5    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6    through defendant's counsel of record, hereby stipulate as follows:

7    1.    By previous order, this matter was set for status on January 12, 2021.

8    2.    By this stipulation, the parties request to continue the status conference to April 6, 2021,

9    and to exclude time between January 12, 2021, and April 6, 2021, under 18 U.S.C. § 3161(h)(7)(A),

10   B(iv) [Local Code T4].

11   3.    The parties agree and stipulate, and request that the Court find the following:

12   a)    The government has represented that the discovery associated with this case

13   includes approximately 928 pages of investigative reports, photographs, and other documents, as

14   well as multiple video and audio recordings.  All of this discovery has been either produced

15   directly to counsel and/or made available for inspection and copying.

16   b)    The Indictment in this case was returned on December 19, 2020.  ECF No. 16.

17   c)    Counsel for Defendant Guzman, Kelly Babineau, substituted into this case as

18   counsel of record on February 4, 2020.  *See* ECF Nos. 20-22.

19   d)    On August 7, 2020, the government produced approximately 36 pages of

20   additional discovery, consisting of investigative reports, to counsel for defendants.

21   e)    Counsel for defendants need additional time to review the discovery, meet with

22   their clients to assess the discovery, conduct independent factual investigation, conduct legal

23   research into trial issues and sentencing issues, and otherwise prepare for trial.

24   f)    Counsel for defendants believe that failure to grant the above-requested

25   continuance would deny them the reasonable time necessary for effective preparation, taking into

26   account the exercise of due diligence.

27

28   [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

g)      The government does not object to the continuance.

h)      Because of the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

i)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j)      Trial preparation has been made more difficult and time consuming given the COVID-19 pandemic, especially during the winter of 2021, when cases are surging and stay-home-orders are in effect.

k)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 12, 2021 to April 6, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4    IT IS SO STIPULATED.

5

6

7    Dated:  January 8, 2021                    McGREGOR W. SCOTT
                                                United States Attorney

8

9                                              /s/ CAMERON L. DESMOND
                                               CAMERON L. DESMOND

10                                             Assistant United States Attorney

11

12   Dated:  January 8, 2021                   /s/ Kelly Babineau
                                               Kelly Babineau

13                                             Counsel for Defendant
                                               FRANK JONATHAN

14                                             GUZMAN

15   Dated:  January 8, 2021                   /s/ David W. Dratman
                                               David W. Dratman

16                                             Counsel for Defendant
                                               JOSE CRUZ IVAN AISPURO

17

18

19

20

21                            **FINDINGS AND ORDER**

22   IT IS SO FOUND AND ORDERED this 8th day of January, 2021.

23

24                                             /s/ John A. Mendez

25                                             THE HONORABLE JOHN A. MENDEZ
                                               UNITED STATES DISTRICT COURT JUDGE

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME               5
PERIODS UNDER SPEEDY TRIAL ACT