PHILLIP A. TALBERT
Acting United States Attorney
CAMERON L. DESMOND
DAVID W. SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br><br>                    v.<br><br>FRANK JONATHAN GUZMAN, and<br>JOSE CRUZ IVAN AISPURO,<br><br>                                 Defendants. | CASE NO.  2:19-CR-232-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 27, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

This matter is scheduled for a status conference on April 27, 2021.  By this stipulation, the parties request to continue the status conference to June 1, 2021, and to exclude time between April 27, 2021 and June 1, 2021 under Local Code T4.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1 | as well as the declarations of judicial emergency, were entered to address public health concerns related
2 | to COVID-19.

3 |    Although the General Orders and declarations of emergency address the district-wide health
4 | concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
5 | "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record
6 | findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-
7 | record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such
8 | failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153
9 | (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit
10 | findings on the record "either orally or in writing").

11 |    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
12 | and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial
13 | emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the
14 | judge granted such continuance on the basis of his findings that the ends of justice served by taking such
15 | action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.
16 | § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of
17 | the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of
18 | such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

19 |    The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."
20 | 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address
21 | continuances stemming from pandemics, natural disasters, or other emergencies, this Court has
22 | discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-
23 | week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States*, 644 F.2d
24 | 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.
25 | *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to
26 | exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).
27 | The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated
28 | by the statutory rules.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for status on April 27, 2021.

2.    By this stipulation, the parties request to continue the status conference to June 1, 2021, and to exclude time between April 27, 2021, and June 1, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes approximately 928 pages of investigative reports, photographs, and other documents, as well as multiple video and audio recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)    The Indictment in this case was returned on December 19, 2020.  ECF No. 16.

c)    Counsel for Defendant Guzman, Kelly Babineau, substituted into this case as counsel of record on February 4, 2020.  *See* ECF Nos. 20-22.

d)    On August 7, 2020, the government produced approximately 36 pages of additional discovery, consisting of investigative reports, to counsel for defendants.

e)    Counsel for defendants need additional time to review the discovery, meet with their clients to assess the discovery, conduct necessary investigation, conduct legal research into trial issues and sentencing issues, discuss potential resolutions with their clients, and otherwise prepare for trial.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   f)  Counsel for defendants believe that failure to grant the above-requested

2 continuance would deny them the reasonable time necessary for effective preparation, taking into

3 account the exercise of due diligence.

4   g)  The government does not object to the continuance.

5   h)  In addition, because of the public health concerns cited by the General Orders and

6 declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

7 ends-of-justice delay is particularly apt in this case.

8   i)  Based on the above-stated findings, the ends of justice served by continuing the

9 case as requested outweigh the interest of the public and the defendant in a trial within the

10 original date prescribed by the Speedy Trial Act.

11   j)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12 et seq., within which trial must commence, the time period of April 27, 2021 to June 1, 2021,

13 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] on

14 the basis of the Court's finding that the ends of justice served by taking such action outweigh the

15 best interest of the public and the defendant in a speedy trial.

16  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the

17 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

18 must commence.

19  IT IS SO STIPULATED.

21

22 Dated:  April 23, 2021       PHILLIP A. TALBERT
                  Acting United States Attorney

24                /s/ DAVID W. SPENCER
                DAVID W. SPENCER

25                Assistant United States Attorney

1    Dated:  April 23, 2021                              /s/ Kelly Babineau
                                                         _____
                                                         Kelly Babineau
2                                                        Counsel for Defendant
                                                         FRANK JONATHAN
3                                                        GUZMAN

4    Dated:  April 23, 2021                              /s/ David W. Dratman
                                                         _____
                                                         David W. Dratman
5                                                        Counsel for Defendant
                                                         JOSE CRUZ IVAN AISPURO
6

7

8
                                     **FINDINGS AND ORDER**
9
          IT IS SO FOUND AND ORDERED this 23rd day of April, 2021.
10

11
                                                         /s/ John A. Mendez
                                                         _____
12                                                       THE HONORABLE JOHN A. MENDEZ
                                                         UNITED STATES DISTRICT COURT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28